IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

V.                                                              CRIMINAL NO. 5:11cr4-DCB-LRA

ERNEST TAYLOR

### PRELIMINARY ORDER OF FORFEITURE

Before the Court is the Government's motion for a preliminary order of forfeiture [Doc. # 14]. Having reviewed the motion, the Court finds that it is well taken and should be GRANTED. In support of its ORDER, the Court finds as follows:

On August 30, 2011, defendant **ERNEST TAYLOR**, pled guilty to the Indictment filed in the above styled cause.

IT IS HEREBY ORDERED THAT:

1.     As a result of the defendant's plea to the Indictment, for which the Government sought forfeiture pursuant to Section 470gg(b)(1), Title 16, United States Code, the defendant, **ERNEST TAYLOR** shall forfeit to the United States all property used or intended to be used in any manner or part to commit or facilitate the commission of the offense.

2.     Based on the evidence adduced during the plea hearing and the allegations included in the government's motion, the Court finds that the following property is subject to forfeiture pursuant to Section 470gg(b)(1), Title 16, United States Code and Rule 32.2 of the Federal Rules of Criminal Procedure, and that the defendant has an interest in such property and that the Government has established the requisite nexus between such property and such offense. Therefore the Court finds that the following property shall be forfeited to the United States: **the (1) Minelab Explorer SE metal detector, Serial number ABN 35008208486, (2) JW Fishers Pulse**

**Professional Underwater Metal Detector, (3) Garmin GPS Model 450t, (4) KOSS UR-30 ear phones, (5) Slim Pack NIMH Rechargeable Battery pack 9.6 V Minelab Serial Number XQ1674982, (6) Folding Saw, (7) Knife w/6-inch blade, (8) Trowel, (9) Blue canvass bag, (10) Black canvass pouch, and (11) Brown Belt.**

3. The United States shall publish notice of the order on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

4. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 18 U.S.C. § 982(b)(1).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts

supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21 U.S.C. § 853(n)(2), which is incorporated by Title 18 U.S.C. § 982(b), and Title 28 U.S.C. § 2461(c) for the filing of third party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.

SO ORDER AND ADJUDGED this   15th   day of   November  , 2011.

                         s/ David Bramlette
                         UNITED STATES DISTRICT JUDGE